UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTINA RAMIREZ, as next friend of P.A., a minor,<br><br>Petitioner,<br><br>v.<br><br>SYLVIA MATTHEWS BURWELL, et al.,<br><br>Respondents. | No. 2:16-cv-1511-TLN-EFB P<br><br>ORDER |

Petitioner Albertina Ramirez, grandmother and next friend of P.A., a minor, has, through counsel, filed a petition for writ of habeas corpus and complaint for declaratory and injunctive relief seeking P.A.'s release from custody in the Yolo County Juvenile Detention Center under federal immigration authority. Respondents have filed a request that the entirety of their response to the combined petition and complaint (hereafter referred to as "petition" for the reader's ease) and the 24 attached exhibits be filed under seal. Petitioner opposes the request in part. For the reasons that follow, the court agrees with petitioner that respondents have not met their burden of establishing compelling reasons to seal the entirety of the response and all associated exhibits. However, petitioner and respondents agree that some portions of the response and exhibits should be sealed and they provided compelling reasons for sealing those items. Accordingly, the request to seal will be granted in part and denied in part.

1

**I.     Background**

Petitioner filed this case on July 2, 2016. ECF No. 1. The case has not developed past the pleading stage. The following allegations[1] are taken from the amended petition to provide some backdrop for the instant dispute over whether the response to the petition should be sealed in its entirety:

> P.A. is a seventeen year-old unaccompanied minor from El Salvador. P.A. came to this country in fear of his life after his brother was murdered in an attempt to escape from gang death threats and violence. P.A. crossed the U.S. Mexican border in June, 2014, when he was fifteen years old.
>
> When P.A. crossed the border near McAllen, Texas, he turned himself in to a Border Patrol officer because he wanted to apply for asylum.
>
> When P.A. was taken into detention he was interrogated by officers who attempted to convince him to sign a voluntary departure form. P.A. resisted and insisted that he wanted to apply for asylum.
>
> After P.A. was detained in South Texas for three days he was transferred to a facility in Houston for three days and was then transferred again to a processing facility in Arizona, where he remained for seven days. During P.A.'s detainment in Arizona, he was interrogated and coerced into making a false statement regarding events that occurred in El Salvador. Due to these coerced statements, P.A. was placed, and has remained in, a secure detention facility since he has been in federal custody. P.A. did not have the assistance of either an attorney or a guardian in any of these interrogations. Despite P.A.'s requests to speak with his family, he was at no time allowed to contact them. In fact, P.A.'s mother did not know P.A. was detained until he was at the processing facility in Arizona.
>
> Around July 2014, P.A. was transferred into the custody of Office of Refugee Resettlement. P.A. was first sent to Shenandoah Juvenile Center in Virginia on or about July 11, 2014. He was then transferred to Sandy Pines Residential Treatment Facility in Florida on or about October 6, 2014. On or about February 12, 2015, P.A. was transferred back to Shenandoah Juvenile Center in Virginia. On or about May 27, 2015, he was transferred to Morrison Secure Facility in Oregon. On or about September 14, 2015, he was transferred back to Shenandoah Juvenile Center. For approximately the first twelve months of P.A.'s detainment with ORR he never saw an immigration judge. On or about October 20, 2015, he was transferred to Yolo County Juvenile Detention Facility in Woodland, California. He currently remains detained at this facility.
>
> From the beginning of P.A.'s detention in ORR custody, P.A.'s mother sought to be reunified with her son. In 2014, P.A.'s mother, who resides in Los Angeles, California, applied to ORR to have P.A. released to her care. She completed all the paperwork and home studies required for reunification. She has made significant efforts to demonstrate that she is capable of caring for her son, including participation in joint therapy sessions with P.A. while he has been in

---

[1] The court takes no position on the veracity of the allegations and provides them simply for context.

detention, moving into a larger apartment to accommodate P.A., and working with community organizations to build a support system for her and P.A. She has also identified a school for P.A. to attend and secured counseling services to assist him upon his release.

The Young Center, appointed by ORR as the child advocate for P.A., recommended P.A.'s release to his mother, as did the psychologists hired by ORR to assess P.A.

For over 21 months, ORR failed to make any decision on P.A.'s release and kept him detained in secure detention centers without any decision.

P.A. obtained pro bono counsel in November 2015, and P.A.'s counsel requested the right to participate in the release decision, the right to present and confront evidence, the right to notice of any custody review, and the right to notice of any release decision. ORR never responded to P.A.'s counsel's request to present evidence and never responded to P.A.'s counsel's request as to whether P.A. had a right to counsel in this process.

In December 2015, P.A.'s counsel requested a copy of P.A.'s file with ORR. After not receiving the file, P.A.'s counsel requested his ORR file again around March 10, 2016. After repeated attempts to secure the ORR file, P.A.'s counsel asked for intervention from Rep. Zoe Lofgren's office to obtain P.A.'s ORR file. The file was finally received around April 18, 2016.

After repeated attempts to obtain a decision on P.A.'s reunification with his mother, P.A. also sought the assistance of Rep. Zoe Lofgren's office to obtain information. In April 2016, more than a year and a half after P.A.'s mother first applied for his release, Respondent Carey, the ORR Director, sent P.A.'s mother an undated letter denying her son's release, stating only "[y]our son poses a safety risk to the community." Respondent Carey did not serve a copy of this letter on either P.A. or P.A.'s counsel. P.A. was never notified, nor was his counsel, of any right to present evidence or any notice of the custody decision-making process. The letter indicated that P.A.'s mother could request reconsideration of this decision, which she did through counsel on May 18, 2016. To date, no one from ORR has responded to this request for reconsideration.

On February 17, 2106, P.A. filed an Application for Asylum and for Withholding of Removal with the San Francisco Asylum Office. On April 20, 2016, P.A. had an interview with the asylum office on his application. The interview was conducted inside the cell block of the Yolo County Juvenile Detention Center and lasted around 6 hours. P.A. did not receive a lunch break during the six hour asylum interview—eating only an apple for the entire interview. The bases for his asylum application included severe physical abuse from his father as well as threats from and fear of retaliation by the MS-13 gang in El Salvador. P.A. fears that the gang may retaliate against him since he gave information to Salvadoran police regarding the gang's activities. The application still remains pending— four months after his application was filed.

P.A. has also tried to obtain review of his custody from the Immigration Judge, but has been denied that opportunity as well. On January 26, 2016, P.A.'s attorneys filed a Motion for a Bond Hearing with the United States Department of Justice Executive Office for Immigration Review in San Francisco, California, requesting P.A. be given a bond hearing. On February 9, 2016, the Immigration

3

> Judge denied P.A.'s motion for a bond hearing stating the court did not have jurisdiction to make a bond determination.
>
> On March 3, 3016, P.A. filed an appeal of the decision of the Immigration Judge's decision to deny a bond hearing to the Board of Immigration Appeals. On June 28, 2016 the BIA dismissed P.A.'s appeal.
>
> P.A. has been in custody over two years and has not had any judicial review of his custody. The Immigration Court and Board of Immigration Appeals have decided they do not have jurisdiction to review P.A.'s custody—it is the exclusive domain of ORR. Yet ORR has not given P.A. or his counsel any opportunity to present or confront evidence in a custody review, any notice of a custody review, or any decision relating to P.A.'s custody. The single response that has been received was to P.A.'s mother in an undated letter over a year and a half after ORR assumed custody over P.A.

ECF No. 5 (Amended Petition) at 7-11. Respondents have submitted to the court, concurrently with the instant request to seal, their responsive brief and exhibits.

## II. Applicable Law

Local Rule 141 governs requests to seal documents. E.D. Cal. L.R. 141. That rule provides that documents may be sealed by order of the court upon the showing required by law. L.R. 141(a). It requires the party making the request to "set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the other documents, and all other relevant information." L.R. 141(b).

The "showing required by law" referred to by our Local Rule is a high one. The court operates under a strong presumption in favor of access to court records. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (2016). Accordingly, a party seeking to file something under seal must present "compelling reasons" supporting the request.[2] *Id.* The compelling reasons standard requires the court to: (1) find a compelling reason supporting sealing the record and (2) articulate the factual basis for the sealing the record, without relying on hypothesis or conjecture. *Id.* at 1096-97. The court must conscientiously balance the competing interests of the public and the party who wishes to keep the documents private. *Id.* at 1097.

---

[2] The court may seal materials attached to discovery motions unrelated to the merits of a case on a lesser showing than "compelling reasons"; in such a situation, a showing of "good cause" suffices. *Id.* at 1097. As the responsive brief and exhibits at issue in the instant request to seal are very much related to the merits of this action, this lesser standard is inapplicable here.

"What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978)).  Some examples of records for which there are compelling reasons to seal are: (1) records that could be used to gratify private spite or promote public scandal; (2) records containing libelous statements; and (3) records that contain business information that could be used to harm a litigant's competitive standing.  *Id.*

### III.   Analysis

The request to seal filed by respondents is notably brief (a single page).  Respondents argue that the court should seal the entirety of their responsive brief and all 24 associated exhibits because the brief and exhibits "pervasively contain sensitive personal information about Petitioner P.A., who is a minor."  Respondents are concerned that the dissemination of the information by its placement in the public record may compromise P.A.'s identity and "otherwise be detrimental to his privacy."

Petitioner agrees that thirteen of the exhibits contain detailed private information about P.A. and should be sealed.  However, petitioner argues that the responsive brief and remaining exhibits should not be sealed, except for some redactions.

Having reviewed the brief and exhibits, the court agrees with the parties that exhibits B, C, F, G, H, I, J, K, M, O, P, T, and U pervasively contain sensitive and private information about P.A. and should be sealed.  Any interest the public may have in the disclosure of these records in this case is outweighed by P.A.'s interest in the privacy of his medical records, psychiatric records, and behavioral history.  *Battle v. Martinez*, No. 2:16-cv-0411 TLN CKD P, 2016 U.S. Dist. LEXIS 105203, at *2 (E.D. Cal. Aug. 9, 2016) (granting request to seal psychiatric and medical records); *Friedman v. Adams*, No. 2:13-CV-1345 JCM (CWH), 2016 U.S. Dist. LEXIS 101029 (D. Nev. Aug. 1, 2016) ("The need to protect sensitive medical information is a compelling reason to seal records."); *JSB v. Wheeler*, No. 3:14-CV-0436-LRH-WGC, 2015 U.S. Dist. LEXIS 158650, *8-9 (D. Nev. Nov. 24, 2015) (sealing documents containing sensitive information about the plaintiff, who was a minor); *A.C. v. City of Santa Clara*, No. 13-cv-03276-

/////

HSG, 2015 U.S. Dist. LEXIS 86708, at *4-6 (N.D. Cal. July 2, 2015) (finding compelling reasons justified sealing of medical records and juvenile court records).

The court agrees with petitioner that respondent has not provided compelling reasons for sealing the entirety of the brief and remaining exhibits (A, D, E, L, N, Q, R, S, V, W, and X). As petitioner argues, these records can be redacted prior to filing to protect P.A.'s personal information, with unredacted copies filed under seal. Accordingly, the court will direct respondents to review these records and determine appropriate redactions to protect P.A.'s sensitive personal information. Respondent may then resubmit the documents to the court with a narrower request to seal.

**IV.  Conclusion and Order**

In accordance with the above analysis, it is hereby ORDERED that respondents' August 1, 2016 request to seal (ECF No. 12) is granted in part and denied in part, as follows:

1. Exhibits B, C, F, G, H, I, J, K, M, O, P, T, and U shall be filed under seal. Within seven (7) days, respondents shall email these exhibits in PDF format to approvedsealed@caed.uscourts.gov. The Clerk of Court shall file those exhibits under seal. Access to those documents is restricted to the court, the parties, and authorized court personnel.

2. The request to seal is denied with respect to the brief and exhibits A, D, E, L, N, Q, R, S, V, W, and X, without prejudice. Respondent may file a new request to seal, along with the brief and exhibits A, D, E, L, N, Q, R, S, V, W, and X with proposed redactions, within 21 days of the date of this order.

So ordered.

DATED: September 21, 2016.

                              EDMUND F. BRENNAN
                              UNITED STATES MAGISTRATE JUDGE