UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTINA RAMIREZ, as next friend of P.A., a minor, | No. 2:16-cv-1511-TLN-EFB P |
| Petitioner, | |
| v. | ORDER |
| SYLVIA MATTHEWS BURWELL, et al., | |
| Respondents. | |

    Petitioner Albertina Ramirez, grandmother and next friend of P.A., a minor, has, through counsel, filed a petition for writ of habeas corpus and complaint for declaratory and injunctive relief seeking P.A.'s release from custody in BCFS Fairfield, a "staff secure care facility," under federal immigration authority. ECF No. 5 (Amended Petition and Complaint); ECF No. 36 (Resp't's Notice of P.A.'s transfer from Yolo County Juvenile Detention to BCFS Fairfield). The parties inform the court that P.A. was released to his mother on December 8, 2016, and that the case may be dismissed under Rule 41(a) after the court resolves currently-pending requests to seal various filings. ECF No. 55.

    E.D. Cal. Local Rule 141 governs requests to seal documents. That rule provides that documents may be sealed by order of the court upon the showing required by law. L.R. 141(a).

/////

1

It requires the party making the request to "set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the other documents, and all other relevant information." L.R. 141(b).

The "showing required by law" referred to by our Local Rule is a high one. The court operates under a strong presumption in favor of access to court records. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (2016). Accordingly, a party seeking to file something under seal must present "compelling reasons" supporting the request.[1] *Id.* The compelling reasons standard requires the court to: (1) find a compelling reason supporting sealing the record and (2) articulate the factual basis for the sealing the record, without relying on hypothesis or conjecture. *Id.* at 1096-97. The court must conscientiously balance the competing interests of the public and the party who wishes to keep the documents private. *Id.* at 1097. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon v, Warner Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978)). Some examples of records for which there are compelling reasons to seal are: (1) records that could be used to gratify private spite or promote public scandal; (2) records containing libelous statements; and (3) records that contain business information that could be used to harm a litigant's competitive standing. *Id.*

The court has determined that certain sensitive and private information about P.A. should be sealed. ECF No. 31 at 5-6 (finding that the public's interest in the disclosure of P.A.'s personal identifying information, medical and psychiatric records, and behavioral history is outweighed by P.A.'s interest in maintaining the privacy of such). The parties have since sought to file under seal: (1) petitioner's reply brief in support of the petition; (2) all exhibits in support of petitioner's reply brief in support of the petition; (3) petitioner's motion to exclude evidence; (4) petitioner's proposed sur-sur-reply brief; (5) petitioner's reply brief in support of the motion

---

[1] The court may seal materials attached to discovery motions unrelated to the merits of a case on a lesser showing than "compelling reasons"; in such a situation, a showing of "good cause" suffices. *Id.* at 1097. As the court concludes that the instant request to seal meets the higher compelling reasons standard, it need not determine whether the motion to exclude evidence qualifies as a discovery motion unrelated to the merits of this case.

2

1 to exclude evidence; and (6) exhibits B and C in support of respondents' opposition to the motion
2 for a temporary restraining order.  In addition, in response to the court's prior order on sealing,
3 respondents have submitted a redacted version of their response to the petition and proposed
4 redactions to response exhibits A, D, E, L, N, Q, R, S, V, W, and X.  Petitioner has filed an
5 opposition to those proposed redactions, arguing that they are insufficient to protect P.A.'s
6 sensitive information.

7       The filings listed above contain some sensitive and private information about P.A.  For
8 that reason, unredacted versions of these documents must be filed under seal.  However, the court
9 finds that the documents may be redacted in such a way as to protect P.A.'s personal information
10 but also provide some public record of those documents.  Accordingly, the court grants the
11 parties' requests to seal the unredacted versions of these documents and orders that redacted
12 versions be filed.  The parties shall, within 14 days of the entry of this order, file appropriately
13 redacted versions of these documents sufficient to protect P.A.'s personal information.

14       So ordered.

15 DATED: January 26, 2017.

16       EDMUND F. BRENNAN
      UNITED STATES MAGISTRATE JUDGE