1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALBERTINA RAMIREZ, as next friend of          No.  2:16-cv-1511-TLN-EFB P
     P.A., a minor,
12
                         Petitioner,
13                                                  AMENDED ORDER
         v.
14
     SYLVIA MATTHEWS BURWELL, et al.,
15
                         Respondents.
16

17           Petitioner Albertina Ramirez, grandmother and next friend of P.A., a minor, has, through

18   counsel, filed a petition for writ of habeas corpus and complaint for declaratory and injunctive

19   relief seeking P.A.'s release from custody in BCFS Fairfield, a "staff secure care facility," under

20   federal immigration authority.  ECF No. 5 (Amended Petition and Complaint); ECF No. 36

21   (Resp't's Notice of P.A.'s transfer from Yolo County Juvenile Detention to BCFS Fairfield).  The

22   parties inform the court that P.A. was released to his mother on December 8, 2016, and that the

23   case may be dismissed under Rule 41(a) after the court resolves currently-pending requests to seal

24   various filings.  ECF No. 55.

25           Local Rule 141 governs requests to seal documents.  That rule provides that documents

26   may be sealed by order of the court upon the showing required by law.  L.R. 141(a).

27   /////

28   /////

                                                    1

1    It requires the party making the request to "set forth the statutory or other authority for sealing,

2    the requested duration, the identity, by name or category, of persons to be permitted access to the

3    other documents, and all other relevant information." L.R. 141(b).

4         The "showing required by law" referred to by our Local Rule is a high one.  The court

5    operates under a strong presumption in favor of access to court records.  *Ctr. for Auto Safety v.*

6    *Chrysler Group, LLC*, 809 F.3d 1092, 1096 (2016).  Accordingly, a party seeking to file

7    something under seal must present "compelling reasons" supporting the request.[1]  *Id.*  The

8    compelling reasons standard requires the court to: (1) find a compelling reason supporting sealing

9    the record and (2) articulate the factual basis for the sealing the record, without relying on

10   hypothesis or conjecture.  *Id.* at 1096-97.  The court must conscientiously balance the competing

11   interests of the public and the party who wishes to keep the documents private.  *Id.* at 1097.

12   "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'"

13   *Id.* (quoting *Nixon v, Warner Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978)).  Some examples of

14   records for which there are compelling reasons to seal are: (1) records that could be used to

15   gratify private spite or promote public scandal; (2) records containing libelous statements; and (3)

16   records that contain business information that could be used to harm a litigant's competitive

17   standing.  *Id.*

18        The court has determined that certain sensitive and private information about P.A. should

19   be sealed.  ECF No. 31 at 5-6 (finding that the public's interest in the disclosure of P.A.'s

20   personal identifying information, medical and psychiatric records, and behavioral history is

21   outweighed by P.A.'s interest in maintaining the privacy of such).  The parties have since sought

22   to file under seal: (1) petitioner's reply brief in support of the petition; (2) all exhibits in support

23   of petitioner's reply brief in support of the petition; (3) petitioner's motion to exclude evidence;

24   (4) petitioner's proposed sur-sur-reply brief; (5) petitioner's reply brief in support of the motion

25   _____

26   [1] The court may seal materials attached to discovery motions unrelated to the merits of a
     case on a lesser showing than "compelling reasons"; in such a situation, a showing of "good
27   cause" suffices.  *Id.* at 1097.  As the court concludes that the instant request to seal meets the
     higher compelling reasons standard, it need not determine whether the motion to exclude
28   evidence qualifies as a discovery motion unrelated to the merits of this case.

1   to exclude evidence; (6) respondents' reply to the petition; (7) respondents' exhibits in support of

2   their reply to the petition; (8) respondents' opposition to the motion to exclude; and (9) exhibits B

3   and C in support of respondents' opposition to the motion for a temporary restraining order.  In

4   addition, in response to the court's prior order on sealing, respondents have submitted a redacted

5   version of their response to the petition and proposed redactions to response exhibits A, D, E, L,

6   N, Q, R, S, V, W, and X.  Petitioner has filed an opposition to those proposed redactions, arguing

7   that they are insufficient to protect P.A.'s sensitive information.

8        The filings listed above contain some sensitive and private information about P.A.  For

9   that reason, unredacted versions of these documents must be filed under seal.  However, the court

10  finds that the documents may be redacted in such a way as to protect P.A.'s personal information

11  but also provide some public record of those documents.  Accordingly, the court grants the

12  parties' requests to seal the unredacted versions of these documents.  The parties shall, within 14

13  days of the entry of this order, file appropriately redacted versions of these documents sufficient

14  to protect P.A.'s personal information.

15       So ordered.

16  DATED:  January 30, 2017.

17                                      EDMUND F. BRENNAN
                                        UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28